61 F.3d 900
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sherine PADGETT; Shenique Everett; John T. Jones,
Plaintiffs-Appellants,
v.
NISSAN MOTOR CORPORATION IN U.S.A., INC., Defendant-Appellee.
 No. 94-2549.
 United States Court of Appeals, Fourth Circuit.
 Argued May 3, 1995.
Decided July 24, 1995.
 
 ARGUED: Robert Elmer Cappell, Washington, DC, for Appellants. Benjamin Sorrells Boyd, PIPER & MARBURY, Washington, DC, for Appellee. ON BRIEF: Kirk G. Warner, YATES, LAMB & WEYHER, L.L.P., Raleigh, NC, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER and WILLIAMS, Circuit Judges, and HEANEY, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Sherine Padgett, Shenique Everett, and John T. Jones appeal the district court's dismissal of their products liability suit against Nissan Motor Corporation in U.S.A. The district court dismissed the action because the plaintiffs failed to properly file this action within the applicable time allowed under North Carolina's statutes of limitations and repose. We affirm.
 
 
 2
 The plaintiffs were involved in an automobile accident in North Carolina in 1988. The automobile, a Nissan 300 ZX, was purchased in 1985. They initially filed a products liability action against Nissan in the Superior Court for the District of Columbia in 1991. That court dismissed the suit for lack of personal jurisdiction. In September of 1993 they commenced an action in federal district court in North Carolina. The district court dismissed the action because the plaintiffs failed to properly file this action within the applicable time allowed under North Carolina's statutes of limitations and repose. See N.C. Gen.Stat. Secs. 1-52 and 1-50 (1994).
 
 
 3
 North Carolina's statute of repose states: "No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption." N.C. Gen.Stat. Sec. 1-50(6). The automobile involved in the accident was purchased in 1985. The lawsuit was filed in 1993, eight years after the purchase. Because this action commenced over six years from the purchase date of the automobile, the statute of repose bars this suit.
 
 
 4
 Plaintiffs claim that the district court erred in determining that North Carolina's tolling statute does not toll the statutes of limitations and repose. The tolling statute maintains that when a cause of action accrues and a defendant is absent from North Carolina during the period of time required to commence an action, the time of absence is not included in the limitations period. N.C. Gen.Stat. Sec. 1-21 (1994). This statute applies to the statute of limitations. The statute of repose, however, creates a time period in which a suit must be brought in order for a cause of action to be recognized. Boudreau v. Baughman, 322 N.C. 331, 340, 368 S.E.2d 849, 857 (1988). A statute of repose may impose a hardship by extinguishing a claim before it even exists. See W. Page Keeton, et al., Prosser and Keeton on the Law of Torts Sec. 30 at 168 (5th ed.1984). In this case, the statute of repose began to run in June of 1985 when the automobile was purchased. North Carolina's six-year statute of repose prevents the plaintiffs from pursuing this action eight years after the purchase date.
 
 
 5
 Accordingly, we affirm the district court's decision dismissing the action.
 
 AFFIRMED